JACOB GLAESER, Respondent, v. GEORGE HOEFFNER, Appellant.

St. Louis Court of Appeals, December 15, 1896.

1. **Account**: EVIDENCE, RELEVANCY OF. In a suit for a balance due on an account, including an item for a furnace, where it was a part of plaintiff's case to prove that the furnace was constructed on correct principles, and would produce good results if properly set up and rightly managed, an objection to the testimony of a witness, as irrelevant, which bore directly on the latter proposition and indirectly on the former, was properly overruled.

2. ———: INSTRUCTION: EVIDENCE. In such action, where the account contained other items, debit and credit, about which there was no controversy, and the case was tried on the theory that the only item in controversy was the furnace, and the jury so understood it, the appellate court would not be authorized in reversing the case because the trial court refused, by instruction, to withdraw such other items from the consideration of the jury at the close of plaintiff's case, or because the court refused to apply to the item for the furnace such credits, it appearing beyond reasonable doubt that the amounts paid by plaintiff must have been paid on account of such other items, and not on account of a liability which he never admitted.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

AFFIRMED.

*F. & Ed. L. Gottschalk* and *J. R. Claiborne* for appellant.

The verdict is excessive, for the reason that, under the erroneous instructions of the court, the jury disregarded the credits given on the cause of action.

Brief for respondent filed, but neither citations nor name of counsel given.

BIGGS, J.—The plaintiff sues the defendant for a balance due on account. The debits aggregate $523.85,

Glaeser v. Hoeffner.

the first item being of date September 15, 1893, and the last January 17, 1895. Commencing March 4, 1894, and ending January 27, 1895, the account is credited with divers payments amounting in the aggregate to $169.18, and leaving a balance of $354.67. One of the items in the account is for putting in a hot air furnace in a building belonging to defendant. The only controversy at the trial was as to the sufficiency of the furnace for the purposes for which it was purchased. The furnace was sold by plaintiff with a guaranty that if properly managed it would heat three rooms of the building, consisting of the dining room and the saloon on the first floor and the sitting room in the second story. The plaintiff's evidence tended to prove that the furnace was all right in its construction; that it was properly put up, and that it was of sufficient size and capacity to heat the three rooms, if it had been properly attended to. The evidence of defendant tended to prove that the pipes of the furnace were not properly put up; that the furnace was properly attended to but that it proved entirely inadequate for the purpose for which it was bought, and that after a sufficient trial it was tendered back to the plaintiff.

The plaintiff recovered a judgment for $350. The defendant has appealed and complains of the admission of evidence and the action of the court as to the instructions.

The plaintiff introduced W. L. Green as a witness. He testified that he was the janitor of F. H. Thomas & Company; that his employers used the same make of furnace for heating their building; that he had charge of it and understood how it should be managed, and he gave it as his opinion that such a furnace would work well if the ashes were not allowed to accumulate, and it is otherwise properly cleaned out. Objection was made

EVIDENCE: relevancy of.

to the evidence as being irrelevant. It was a part of the plaintiff's case to prove that the furnace was constructed on correct principles and when properly set up and properly attended to would produce good results. The testimony of the witness bore directly on the last proposition and indirectly on the first, which made it relevant, and therefore the defendant's objection on the ground of irrelevancy was properly overruled. Objections were made to like testimony given by other witnesses, but the objections are too general to entitle them to notice.

The plaintiff's evidence was directed exclusively to the item in regard to the furnace. No attempt was made to prove the other items. As the account shows credits to the amount of $169.18, the contention of the defendant is that under the evidence the recovery in no event should have been for a greater sum than $180.82 with interest, that amount being the difference between the price of the furnace and the amount of the payments. An instruction to that effect was asked and refused. The plaintiff's and defendant's evidence was directed exclusively to the item in regard to the furnace. In addition to this item the account consisted of a number of credit and debit items which about balanced each other, and touching which as far as the record shows there was no controversy. The defendant did not claim that he ever paid anything on account of the furnace; on the contrary he distinctly claimed that the furnace was warranted to give satisfaction; that it gave no satisfaction, and that he offered to return it to the plaintiff as worthless. The verdict of the jury was for the exact item of the furnace. It will be thus seen that the court and counsel tried the case on the theory that the only item in controversy in the account was this furnace. The jury certainly so understood it.

EVIDENCE: instruction.

Under these circumstances we would not be authorized in reversing the case simply because the court refused by instruction to withdraw other items of the account from the consideration of the jury at the close of the plaintiff's case, or because the court refused to apply to the item for the furnace the credits which the account contained, it appearing beyond reasonable doubt that the amounts paid by plaintiff must have been paid on account of other items, and not on account of a liability which he never admitted.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.